IN THE UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **REUBEN WILLIAMS,** | )( | **CIVIL ACTION NO.:4:16-cv-3342** |
| | )( | |
| *Plaintiff,* | )( | |
| | )( | |
| **V.** | )( | **(JURY TRIAL)** |
| | )( | |
| | )( | |
| **CITY OF HOUSTON, TEXAS; and** | )( | |
| **OFFICER S. CORRAL,** *Individually,* | )( | |
| | )( | |
| *Defendants.* | )( | **ORIGINAL COMPLAINT** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

    **NOW COMES** Plaintiff REUBEN WILLIAMS complaining of THE CITY OF HOUSTON, TX; and OFFICER S. CORRAL, Individually, and will show the Court the following:

## JURISDICTION AND VENUE

    1.    This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any.

    2.    Venue is proper in this Court, under 28 U.S.C. § 1391(b), because the incident at issue took place in Harris County, Texas within the United States Southern District of Texas.

## PARTIES

    3.    Plaintiff Reuben Williams is a resident of Harris County, Texas.

4.     The City of Houston, Texas, is a municipality existing under the laws of the State of Texas and situated mainly in Harris County, Texas in the U.S. Southern District of Texas and can be served with process by serving the City of Houston Secretary at 901 Bagby, Houston, TX 77012.

5.     Defendant S. Corral is sued in his individual capacity and can be served with process at 61 Reisner, Houston, TX 77002.

## INTRODUCTION

6.     HPD Officer S. Corral is caught on video (**Exhibit 1**)[1] smashing a hand-cuffed arrestee's (plaintiff Reuben Williams) head into jail cell door. Then Officer Corral applies a neck nerve hold on a non-resisting Rueben until he passes out whilst bleeding profusely. To cover-up his crime Officer Corral falsely charges Reuben Williams with felony harassment of a public servant for spitting on him but then, quite strangely, fails to collect the important DNA-rich saliva evidence.

## ADDITIONAL FACTS

7.     Reuben Williams was arrested November 8, 2014 on a misdemeanor DUI charge and taken to a City of Houston jail. After booking Reuben Williams is handcuffed and led to a holding cell by Houston Police Officer S. Corral. See **Exhibit 1,** camera 1, 4:09:07-17.

8.     When Reuben and Officer Corral get close to the cell door Officer Corral smashes Reuben's head into the cell door causing a gash above Reuben's eye. See **Exhibit 1,** camera 4, 4:09:17-19.

9.     Officer Corral then leads Reuben into the jail cell where Officer Corral shoves

Reuben up against the wall. Officer Corral then applies an extremely painful neck nerve hold to Reuben Williams until he collapses onto the floor jail floor. See **Exhibit 1,** camera 4, 4:09:23-30.

10. Thereafter, Reuben bleeds profusely until a medic arrives.

11. Reuben has a permanent scar on his forehead from Officer Corral's actions.

12. Officer Corral's supervisor and the Chief of Police, despite watching the video, failed to discipline Officer Corral.

13, Officer Corral then falsely claimed Reuben Williams contacted him with saliva and caused a charge of harassment of a public servant to issue.

14. Reuben has suffered anxiety, fear, depression, sadness, pain, and anger.

15. In 2012 John Abbott was severely beaten at the downtown Houston City jail by City of Houston jailers and nothing was done about it. There is no video despite a camera present.

16. Furthermore, there have been many instances of obvious excessive force at the Houston jails which have been investigated by the City of Houston Police Internal Affairs Department ("IAD") and there has been no discipline or retraining.  The City does not train or discipline officers to properly recognize symptoms of illness such that individual are not arrested for public intoxication.

17. Over the last 13 years there has been over 250 instances of Houston Police Department wounding and killing individuals by firearms yet there has been no discipline or finding of any misconduct by the shooting officers despite many instances of clear excessive force.

18. Chief of Police McClelland and past Chiefs of Police were aware of the many instances of excessive force at the jail and elsewhere that were unjustified but have not retrained

---

[1] The video is hand delivered to the clerk for inclusion in the file.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                     Page 3

or disciplined officers such that excessive force remains a custom and practice at the Houston City jails and elsewhere.

19. Both Charles Chukwu in 2008 and Trenton Garrett in 2009 were severely beaten at a Houston jail by City of Houston employees without valid reason and despite, in both cases, there being a video of the incident clearly showing excessive force no City of Houston employee was disciplined in the matter even though IAD investigations were performed in both cases.

## VIOLATION OF THE 4TH AND 14TH FOURTEENTH AMENDMENTS

20. Reuben incorporates all preceding paragraphs as if set fully set forth herein.

21. The Fourth Amendments guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV and XIV.* Such violations are actionable pursuant to 42 U.S.C. Section 1983 and 1988.

22. The force used by the individually named defendant, was in great excess to the need to use such force and constituted an Unreasonable Seizure of Reuben.

23. The City of Houston has a custom, policy, practice, and procedure of using excessive force on individuals and not disciplining or training officers adequately and is therefore liable under 42 U.S.C. Section 1983 and 1988. The City does not have the policies and practices in place or maintain a camera system at its jail such that employees will use excessive force because they know there will be no video proof either because of failure to videotape or destruction[2] of the video.

24. Reuben's charge of harassment of a public servant was without probable cause and the result of false reporting by Officer Corral which violates the Fourth, Fifth and Fourteenth

Amendments.

## ASSAULT AND BATTERY

25. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

26. The individually named defendant committed assault upon Reuben and caused the damages described herein.

## RATIFICATION and PATTERN AND PRACTICE

27. Plaintiff incorporates by reference all the preceding paragraphs.

28. The Houston Police Department investigated the inciden including viewing the video yet no officer received any discipline, training, or any other consequence.  As such the City of Houston, Texas ratified the individually named defendant's actions as their own policies, practices, customs and procedures. Despite the evidence against the individually named defendant there has been no retraining, discipline or consequence to any of the involved deputies indicating a custom, policy, practice and procedure by Harris County, Texas of allowing all the aforementioned bad acts.  *Grandstaff v. City of Borger,* 767 F.2d 161 (5th Cir. 1985), *cert. denied,* 480 U.S. 916 (1987).

29. Furthermore, there is a pattern and practice of individuals being beaten at the jails and caught on video including the beating of John Abbott, Charles Chukwu and Trenton Garrett among many others yet the internal affairs department does nothing. Since the Unconstitutional acts are repetitive the actions constitute a policy, practice, custom and/or procedure which can be fairly attributed to the City of Houston.

---

[2] Defendants claim the only video camera not working was the video camera in John's cell.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                              Page 5

## **MENTAL ANGUISH**

30.	Reuben incorporates all preceding paragraphs as if set fully set forth herein.

31.	Reuben sustained a head injury and suffered great physical pain and discomfort and at least anxiety, unconsciousness, dizziness, fear, anxiety, memory loss and depression because of the act of the individually named defendant and the City of Houston and, therefore, Reuben seeks damages for mental anguish past and future as well as the pain and suffering, past and future, and other damages set forth above.

## **PUNITIVE DAMAGES**

32.	Reuben incorporates all preceding paragraphs as if set fully herein.

33.	The individually named defendant's actions and inactions cause him to be liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights and he did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## **ATTORNEYS' FEES**

34.	Reuben is entitled to recover attorneys' fees and costs to enforce his Constitutional rights and under 42 U.S.C. Sections 1983 and 1988.

## **JURY TRIAL**

35.	Reuben requests a trial by jury on all issues triable to a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Reuben Williams requests that the Court:

    A.    Enter judgment for the plaintiff and against Officer S. Corral, individually and the The City of Houston holding them jointly and severally liable;

    B.    Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against all defendants;

    C.    Award damages to Plaintiff for the violations of his rights under the Fourth, Fifth and Fourteenth Amendments and under state law;

    D.    Award Pre- and post-judgement interest;

    E.    Award Punitive damages against each and every individually named defendant, and

    F.    Grant such other and further relief as appears reasonable and just, to which plaintiff shows himself entitled.

                              RESPECTFULLY SUBMITTED,
                              LAW OFFICE OF RANDALL L. KALLINEN PLLC

                              /S/ Randall L. Kallinen
                              Randall L. Kallinen
                              State Bar of Texas No. 00790995
                              Southern District of Texas Bar No.: 19417
                              Admitted, Fifth U.S. Circuit Court of Appeals
                              511 Broadway Street
                              Houston, Texas 77012
                              Telephone:    713.320.3785
                              FAX:           713.893.6737
                              E-mail:AttorneyKallinen@aol.com
                              Attorney for Plaintiff