**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **REUBEN WILLIAMS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:16-cv-3342** |
| | § | |
| **CITY OF HOUSTON and** | § | |
| **OFFICER S. CORRAL,** *Individually* | § | |
| *Defendants.* | § | |

## CITY OF HOUSTON'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant CITY OF HOUSTON ("City") files this its Motion for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure. In support of said motion, City would respectfully show unto this Court as follows:

**TABLE OF CONTENTS**

I.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDING ..........................1

II.    STATEMENT OF ISSUES AND STATEMENT OF FACTS ........................................1

      A.     Statement of Issues to be Ruled Upon by the Court ...........................................1

      B.     Statement of Facts ...............................................................................................2

III.   SUMMARY JUDGMENT EVIDENCE ...................................................................3

IV.    SUMMARY OF ARGUMENT ...............................................................................4

V.     ARGUMENT AND AUTHORITIES .......................................................................5

      A.     Standard of Review for Summary Judgment .....................................................5

      B.     Municipal Liability Under 42 U.S.C. §1983 .....................................................6

      C.     Plaintiff's 42 U.S.C. §1983 ...............................................................................7

      D.     Plaintiff's Texas State Law Claims Against the City .......................................15

      E.     Conclusion .........................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Alcala v. Texas Webb County*, 620 F.Supp.2d 795 (S.D. Tex. 2009) ............................................. 15

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................. 5, 6

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) ................................................................. 12

*Bd. of Comm'rs of Bryan Cnty, OK. v. Brown*, 520 U.S. 397 (1997) ................................. 6, 11, 15

*Beattie v. Madison Cnty. Sch. Dist.,* 254 F.3d 595 (5th Cir. 2001) ................................. 13

*Benavides v. City of Wilson*, 955 F.2d 968 (5th Cir. 1992) ........................................... 13

*Bennett v. City of Slidell,* 728 F.2d 762 (5th Cir. 1984) ................................................. 7

*Brown v. Bryan County*, 219 F.3d 450 (5th Cir. 2000) ................................................... 8

*Celotex Corp. v. Catreet*, 477 U.S. 317 (1986) .............................................................. 5

*City of Canton v. Harris*, 489 U.S. 378 (1989) ......................................................... 12, 13

*City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) ................................................. 9, 12

*City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) ..................................................... 13

*Clark v. American's Favorite Chicken*, 110 F.3d 295 (5th Cir. 1997) ............................... 5

*Conner v. Travis County*, 209 F.3d 794 (5th Cir. 2000) ................................................... 9

*Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986) ......................................................... 14

*County of Cameron v. Brown*, 80 S.W.3d 549 (Tex. 2002) ............................................. 15

*Cox. v. City of Dallas, Texas*, 430 F.3d 734 (5th Cir. 2005) ........................................... 7

*Davidson v. City of Stafford, Texas,* 848 F.3d 384 (5th Cir. 2017) ................................. 14

*Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375 (5th Cir. 2005) ...... 9

*Evans v. City of Houston*, 246 F.3d at 344 (5th Cir. 2001) ............................................. 14

*Freeman v. Texas Dep't of Crim. Justice*, 369 F.3d 854 (5th Cir. 2004) ........................... 5

*Glenn v. City of Tyler*, 242 F.3d 307 (5th Cir. 2001) ......................................................8

*Graham v. Connor*, 490 U.S. 386 (1989)..........................................................................7

*James v. Harris County*, 577 F.3d 612 (5th Cir. 2009)..............................................8, 11

*Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453 (5th Cir. 2005) ...................................3

*Languirand v. Hayden*, 717 F.2d 220 (5th Cir. 1983) ......................................................9

*Little v. Liquid Air Corp.*, 37 F. 3d 1069 (5th Cir. 1994)..............................................5, 6

*Los Angeles v. Heller*, 475 U.S. 796 (1986)...................................................................11

*Matsushita Elex. Insud. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986)......................6

*McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002)......................................11

*Milam v. City of San Antonio*, 113 Fed. App'x 622 (5th Cir. 2004)................................14

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) ...............passim

*O'Neal v. City of San Antonio*, 344 Fed. App'x 885 (5th Cir. 2009)...............................13

*ONI, Inc. v. Swift*, 990 S.W.2d 500 (Tex. App. – Austin 1999, no pet.)..........................15

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)................................................12, 15

*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009)..........................................6

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001) ...................................passim

*Prairie v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992), *cert. denied*, 506 U.S. 973 (1992)8, 11

*Prince v. Curry*, 2010 WL 1062611 at *3 (N.D. Tex. 2010) .........................................10

*Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005) ........................................12

*Rodriguez v. Avita,* 871 F.2d 552 (5th Cir. 1989) cert. denied, 493 U.S. 854 (1989) .............11, 14

*Rodriguez v. Ritchey*, 556 F.2d 1185 (5th Cir. 1997) .....................................................10

*Sanders-Burns v. City of Plano*, 594 F.3d 366 (5th Cir. 2010)......................................12

*Scott v. Harris*, 550 U.S. 372 (2007) ..........................................................................6, 12

*Smith v. Brenoettsy*, 158 F.3d 908 (5th Cir. 1998)..........................................................9

*Smith v. Gonzales*, 670 F.2d 522 (5th Cir. 1982) ........................................................... 10

*Spiller v. City of Texas City*, 130 F.3d 162 (5th Cir. 1997) ............................................ 10

*Topalian v. Ehrman*, 954 F.2d 1125 (5th Cir. 1992) ........................................................ 5

*Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010) ........................................... 6, 9, 10

*Washington v. Allstate Ins. Co.*, 901 F.2d 1281 (5th Cir. 1990) ...................................... 6

*Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984) .............................................. 8

*World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747 (5th Cir. 2009) .... 14

*Zarnow v. City of Wichita Falls*, 614 F.3d 161 (5th Cir. 2010) ................................... 8, 14

# STATUTES

**Statutes**

42 U.S.C. §1983 ....................................................................................................passim

Federal Rules of Civil Procedure, Rule 56......................................................................5

Federal Rules of Civil Procedure, Rule 56(c) .................................................................6

Federal Rules of Civil Procedure, Rule 56(e) .................................................................5

Federal Rules of Evidence, 201 ......................................................................................3

Texas Civil Practice & Remedies, Code §101.024 .......................................................16

Texas Civil Practice & Remedies, Code §101.057(2) ...................................................15

Texas Penal Code, Chapter 9 ..........................................................................................7

Texas Tort Claims Act ...................................................................................................15

# I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

1.    This case involves claims of violations of civil and constitutional rights stemming from injuries Plaintiff sustained while in custody at the City of Houston jail on or about December 8, 2014 [Doc. #20].  Specifically, Plaintiff has alleged that his civil rights under the Fourth and Fourteenth Amendments to the U.S. Constitution as well as 42 U.S.C. §1983 were violated by the named defendants when Officer Corral used excessive force against him while he was detained in the City jail [*Id*.]  Plaintiff alleges that the City violated his civil rights by failing to train or discipline officers who use excessive force and for ratification of failure to train or discipline [*Id*.]  Plaintiff also alleges pendant state law claims (assault/battery) and seeks exemplary damages against the named defendants [*Id*.]  The City and Officer Corral timely answered, denied all allegations and stated that they were cloaked by immunity (sovereign and qualified immunities) [Doc. #23].

2.    Plaintiff sought leave to file a second amended complaint and such has not been ruled upon by the Court as of the date of the filing of this motion [Doc. #25].  Regardless, the requested amendment is futile and has no substantive value that would change the outcome in this case.

3.    Discovery deadline was December 10, 2018.  The deadline to file all motions is January 7, 2019.  Docket call is set for February 22, 2019.  *See* Doc. #49.

## II.    STATEMENT OF ISSUES AND STATEMENT OF FACTS

### A.    Statement of Issues to be Ruled Upon by the Court

(1)    Did Plaintiff establish that the City of Houston violated a recognized constitutionally protected right from a municipal policy or custom promulgated by a policy-maker that through its deliberately indifferent implementation was the "moving force" or direct cause of the injury complained of by Plaintiff?

(2)    Did Plaintiff establish a claim of excessive force under the Fourteenth Amendment against the City of Houston?

(3)    Did Plaintiff establish that the City of Houston violated his constitutional rights by failing to train or discipline Officer Corral on the use of excessive force?

(4)     Did Plaintiff establish as a matter of law that the City of Houston ratified Officer Corral's conduct?

(5)     Did Plaintiff establish that the City of Houston is liable for assault and battery under Texas state law?

(6)     Did Plaintiff establish that he is entitled to exemplary or punitive damages from the City of Houston?

**B.      Statement of Facts**

4.      On or about December 8, 2014, Plaintiff was arrested by Officer Swift for suspicion of driving while intoxicated ("DWI") in the City of Houston, Harris County, Texas [Exs. A, B, E and G].  After refusing to perform field sobriety tests, Officer Swift transported Plaintiff to Central Intox at the City jail for processing [Exs. E and G].  Plaintiff spit inside the patrol unit, urinated inside the patrol unit and was combative on the ride to the jail [Exs. E and G].

5.      Upon arriving at the jail, Officer Swift contacted the District Attorney's office about the arrest and a DWI charge was accepted on Plaintiff [Exs. E and G].  Officer Swift then obtained a search warrant to draw blood from Plaintiff [Exs. E, G and N].  Based on his combative demeanor, Officer Swift requested assistance from Officer Corral ("Corral") to escort Plaintiff from the holding tank to the blood draw room inside the jail [Exs. E, F, G and N].  Plaintiff refused to cooperate with the blood draw and officers had to restrain him [Exs. A, B, E, F, G, J and N].

6.      Plaintiff was escorted back to the holding tank by Corral, with officers behind them, after a blood sample was obtained via the search warrant [Ex. E].  On the walk back to the holding tank, Plaintiff was verbally abusive towards Corral [Ex. B, E, F, H and N].  Corral did not react to Plaintiff's verbal abuse.  Without warning, Plaintiff spit on Corral, hitting Corral's face, neck and left shoulder [Exs. A, B, E, F, H, J and N]. Corral reacted by pushing the Plaintiff away from him to prevent him from spitting a second time [Exs. E, H, J and N].  As a result of the push, Plaintiff's

face came in contact with metal door frame on the holding tank. Plaintiff sustained an injury to his head.

7.      Corral called for EMS and notified his supervisor of the incident. Plaintiff was transported to the hospital. While at the hospital, Plaintiff was combative, uncooperative, spit on or at medical staff as well as another police officer and threatened them with harm by declaring he was HIV positive [Ex. E]. A charge of harassment on a public servant-spitting was filed against Plaintiff for spitting on Corral and he was indicted by a grand jury for such.[1] This felony charge was dismissed by the District Attorney on the grounds that Plaintiff was convicted in another case (cause #1502700-failure to appear).[2]

8.      A criminal investigation was conducted into Corral's conduct that is at issue in this lawsuit. The criminal case was presented to a Harris County Grand Jury, which returned a "no bill" verdict and declined to indict Corral for official oppression or any other criminal conduct.[3]

### III.      SUMMARY JUDGMENT EVIDENCE

9.      City attaches and concurrently files the following summary judgment evidence, which are incorporated in their entirety by reference for all purposes as if set forth verbatim:

Exhibit A:      HPD-IAD Investigation Summary for Issue #47127-2014
[Bates #COH_R.WILL_000026-000031]

---

[1] Plaintiff was indicted under cause #1450788. City requests that the Court take judicial notice under Fed. R. Evid. 201 of the filings from the Harris County District Clerk's website relating to the felony criminal proceedings against Plaintiff under the cause number referenced above. Rule 201 states as follows: "The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned…The court must take judicial notice if a party requests it and the court is supplied with the necessary information." The Fifth Circuit has held that judicial notice under Rule 201 is appropriate for information posted on a government website. *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).

[2] Plaintiff was indicted under cause #1502700 for failure to appear for cause #1450788. City requests that the Court take judicial notice under Fed. R. Evid. 201 of the filings from the Harris County District Clerk's website relating to the felony criminal proceedings against Plaintiff under the cause number referenced above. *See Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).

[3] Criminal case against Corral that was presented to a Harris County Grandy Jury was cause #147061701010-3. City request that the Court take judicial notice under Fed. R. Evid. 201 of the filings from the Harris County District Clerk's website relating to the criminal proceedings against Plaintiff under the cause numbers referenced above. *See Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).

Exhibit B:     HPD-IAD Investigative Report for Issue #47127-2014
               [Bates #COH_R.WILL_000038-000100]

Exhibit C:     Counseling Memo for Officer Corral relating to HPD-IAD
               Issue #47127-2014 [Bates #COH_R.WILL_000005-000006]

Exhibit D:     Defendant Salvador Corral's Certification Record
               [Bates #COH_R.WILL_001213-001216]

Exhibit E:     HPD Offense Report #1559820-14
               [Bates #COH_R.WILL_000861-000909]

Exhibit F:     Defendant Corral's sworn statement to HPD-Homicide Division in
               HPD-Offense Report #1559820-14
               [Bates #COH_R.WILL_000925-000927]

Exhibit G:     Officer Swift's sworn statement to HPD-Homicide Division in
               HPD-Offense Report #1559820-14
               [Bates #COH_R.WILL_000922-000924]

Exhibit H:     Officer Little sworn statement to HPD-Homicide Division in
               HPD-Offense Report #1559820-14
               [Bates #COH_R.WILL_000931-000932]

Exhibit I:     Expert report of John G. Peters

Exhibit J:     Video of events at issue – produced on CD to the Court
               [Bates #COH_R.WILL_001051]

Exhibit K:     General Order 600-17 [Bates #COH_R.WILL_001257-001261]

Exhibit L:     General Order 500-20 [Bates #COH_R.WILL_001253]

Exhibit M:     General Oder 200-08 [Bates #COH_R.WILL_001291-001225]

Exhibit N:     Affidavit of Corral

## IV.     SUMMARY OF ARGUMENT

10.     City is entitled to summary judgment as a matter of law regarding Plaintiff's claims of civil

rights violations under the U.S. Constitution and 42 U.S.C. §1983 as well as state law pendant

jurisdiction because there has been adequate time for discovery and Plaintiff has adduced no

evidence of municipal liability.  Specifically, the City is entitled to summary judgment as a matter

of law because there is no evidence that an official municipal policy, practice or custom of the City was the moving force or direct cause of the injury complained of by Plaintiff. Therefore, Plaintiff's claims fail as a matter of law and must be dismissed.

## V. ARGUMENT AND AUTHORITIES

### A. Standard of Review for Summary Judgment

11.     Summary judgment is proper under Rule 56, Federal Rules of Civil Procedure, if the movant establishes that there is no genuine issue of material fact and the law entitles the movant to a judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catreet*, 477 U.S. 317, 322 (1986). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party moving for summary judgment "must demonstrate the absence of a genuine issue of material fact but need not negate the elements of the non-movant's case." *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1994).

12.     If the movant meets this initial burden, the burden shifts to the non-movant to go beyond the pleadings and produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Id.; see also Celotex,* 477 U.S. at 322-324; Rule 56(e). The non-movant "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Freeman v. Texas Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004). Likewise, unsupported allegations, affidavits or deposition testimony asserting ultimate or conclusory facts and conclusions of law are also not sufficient to defeat a motion for summary judgment. *Clark v. American's Favorite Chicken*, 110 F.3d 295, 297 (5th Cir. 1997). Where the non-movant fails to set forth specific facts, by affidavit or otherwise, to show that there is a genuine issue for trial, summary judgment is appropriate. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir. 1992).

13.     In short, the Supreme Court has clarified the standard or review in context of summary judgment in *Scott v. Harris*[4] to be as follows:

> "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts…Where the record taken as a whole could not lead a rational trier of fact for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elex. Insud. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-587 (1986) (footnote omitted). 'The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be <u>no genuine issue of material fact</u>.'" *Anderson*, 477 U.S. at 247-248 (emphasis added).

14.     Factual controversies are to be resolved in favor of the non-movant, "but only when…both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. However, there is no genuine issue for trial when the record, taken as a whole, indicates that no reasonable jury could return a verdict for the non-movant. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990).

**B.     Municipal Liability Under 42 U.S.C. §1983**

15.     Under any theory of civil rights law, a municipality can only be held liable if its official policy or custom causes a person to be deprived of a federally protected right. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). A municipality cannot be liable for civil rights violations under a theory of *respondeat superior*. *Monell,* 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Bd. of Comm'rs of Bryan Cnty, OK. v. Brown*, 520 U.S. 397, 403 (1997)). Rather, a municipality is only liable for "acts directly attributed to it through some official action or imprimatur." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). A plaintiff must "show the deprivation of a federally protected right caused by action taken pursuant to an official municipal policy." *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). Therefore, a plaintiff must prove the following three elements: (1) a policymaker;

---

[4] *Scott v. Harris*, 550 U.S. 372, 380 (2007)

(2) an official policy or custom; and (3) a violation of constitutional rights whose actual cause and moving force is the official policy or custom. *Piotrowski,* 237 F.3d at 578; *see also Cox. v. City of Dallas, Texas*, 430 F.3d 734, 748 (5th Cir. 2005).

**C.     Plaintiff's 42 U.S.C. §1983 Claims Against the City**

16.     **Plaintiff Has Not Been Injured as the Result of an Official Policy or Custom the City**. A municipality can be sued and subjected to monetary damages under 42 U.S.C. §1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Monell*, 436 U.S. at 694. A plaintiff must identify the policy, connect the policy to the municipality itself and show that the injury was incurred because of the application of that specific policy. *Bennett v. City of Slidell,* 728 F.2d 762, 767 (5th Cir. 1984). Simply stated, liability must rest on official policy, meaning the city government's policy, and not the policy of an individual official. *Id*. at 769.

17.     **Fourth Amendment Claims of Excessive Force and Unlawful Arrest**. In this case, Plaintiff has alleged, through conclusory allegations or unwarranted deduction of facts against the City, that Plaintiff's Fourth Amendment rights were violated because excessive force was used against him and he was charged with harassment of a public servant without probable cause[5] [Doc. #20, ¶¶20-24]. Plaintiff has presented no evidence that any policy or practice of the Houston Police Department ("HPD") was the cause of his injuries, including HPD's policy on use of force. The evidence, rather, establishes that the City, via Houston Police Department ("HPD"), has a policy that limits an officer's "use of force and physical contact to only the amount reasonably necessary to protect themselves or others, to…bring an incident under control" [Ex. K]. This use of force policy complies with the relevant legal and statutory parameters. *See* Tex. Pen. Code, Chapter 9; *see also Graham v. Connor*, 490 U.S. 386 (1989).

---

[5] Plaintiff was indicted under cause #1450788. *See* footnote #1 above.

18.     Furthermore, there is no evidence that the amount of force used by Corral was objectively unreasonable based on the totality of circumstances [Exs. A, B and E].  To show that Corral's alleged actions were objectively unreasonable, Plaintiff would have to establish facts showing that the actions were motivated by malice.  *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).  Not only does Plaintiff lack such proof, the undisputed evidence negates it [Exs. A, B and E].

19.     Plaintiff also fails to adduce evidence that a City custom was the direct cause of the alleged injuries in this case.   A custom is "a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski,* 237 F.3d at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984); *see also Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000).  "[I]t is not enough that an illegal custom exists; municipal policymakers, who are the persons capable of subjecting a municipality to liability, must be chargeable with awareness of the custom." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010).

20.     "[A]ctions of officers or employees of a municipality do not render the municipality liable under §1983 unless they execute official policy as above defined." *Piotrowski*, 237 F.3d at 579; *see also James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009).  It is only when the execution of the government's policy or custom that inflicts injury can the governmental entity be held liable under §1983. "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur, isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 579; *Prairie v. City of Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992), *cert. denied*, 506 U.S. 973 (1992).

21.     Other than conclusory statements, Plaintiff has not alleged nor relied upon the existence of a persistent, widespread practice or custom by City [Doc. #20, ¶¶15-24].   Therefore, Plaintiff's

§1983 claim against the City fails because he has not established (or even alleged) "a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or wide-spread." *Languirand v. Hayden*, 717 F.2d 220, 227 (5th Cir. 1983)(emphasis added). Based on the pleading, Plaintiff's allegations are nothing more than a single incident. A single, isolated incident and such, without more, is not sufficient to establish a custom or practice. *Id.; see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824 (1985).

22. **Deliberate Indifference**. Even if the Plaintiff has somehow identified a policy, practice or custom authorizing improper or illegal activities relating to the events of December 8, 2014, he has not shown that the policymaker was deliberately indifferent in promulgating such policy, or in knowingly failing to stop the widespread custom. *Languirand,* 717 at 227. In other words, "the plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010).

23. "For an official to act with deliberate indifference, the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (citing *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998)). Deliberate indifference is more than mere negligence; it is an intentional choice consciously and maliciously made by the municipality's policymakers. *Conner v. Travis County*, 209 F.3d 794, 796-797 (5th Cir. 2000). "A showing of simple or even heightened negligence will not suffice." *Valle*, 613 F.3d at 542.

24. As stated above, Plaintiff has not identified a policy, practice or custom regarding the authorization of improper or illegal activities by Corral relating to his interaction with Plaintiff on

December 8, 2014, that have been promulgated by policymakers for the City.  Hence, Plaintiff has failed to create a genuine issue of material fact regarding the City's alleged deliberate indifferences and its motion for summary judgment should be granted as a matter of law.

25.    **Moving Force**.  Further, for liability to attach to a municipality, a plaintiff must prove that the municipality's official policy was the "moving force" and actual cause of the deprivation of constitutional rights. *See Piotrowski*, 237 F.3d at 578.  "The allegations of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory but must contain specific facts." *Prince v. Curry*, 2010 WL 1062611 at *3 (N.D. Tex. 2010) (citing *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997).  A "but for" connection to the deprivation of rights is not sufficient to satisfy the causation element.  *See, e.g. Valle v. City of Houston*, 613 F.3d 536, 546 (5th Cir. 2010) ("…causation must be more than a mere 'but for' coupling between cause and effect).  Other than conclusory statements, Plaintiff has failed to carry his burden on the moving force element for liability to attach to the City.  Plaintiff has therefore, failed to carry his burden and the City's summary judgment should be granted as a matter of law.

26.    With regards to the unlawful arrest claim, the Plaintiff has failed to adduce evidence to support his basic *Monell* claim against the City.  Moreover, the evidence established that Plaintiff was indicted by a Harris County Grand Jury for harassment of a public servant under cause number #1450788.  A grand jury's indictment establishes that an independent body found probable cause for the arrest. Thus, the indictment breaks the causal chain and insulates an officer so that the officer has not committed any constitutional violation.  *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982)(citing *Rodriguez v. Ritchey*, 556 F.2d 1185, 1193 (5th Cir. 1997). If there is no underlying constitutional wrong, then a person has suffered no constitutional injury.  Consequently, the City cannot be held liable based on a theory that its policy or custom is irrelevant.  *Los Angeles v. Heller*,

475 U.S. 796, 799 (1986). The City, therefore, cannot be liable to Plaintiff under §1983, and summary judgment is proper.

27. **Fourteenth Amendment Claim of Excessive Force.** Plaintiff has globally pled an excessive force claim under the Fourteenth Amendments to the U.S. Constitution against the City [Doc. #20, ¶¶20-24]. Plaintiff was a pretrial detainee at the time in question in this lawsuit. He has generally alleged that his substantive due process rights under the Fourteenth Amendment were violated when the named defendant officers used excessive force against him [Doc. #5, ¶¶20-23]. To state a viable substantive due process claim, a plaintiff must demonstrate that the state official "acted with culpability beyond mere negligence." *McClendon v. City of Columbia*, 305 F.3d 314, 325 (5th Cir. 2002). Therefore, this claim against the City amounts to nothing more than a vicarious liability claim.

28. "[A]ctions of officers or employees of a municipality do not render the municipality liable under §1983 unless they execute official policy as above defined." *Piotrowski*, 237 F.3d at 579; *see also James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009). To be subject to any liability, the City, itself must have acted wrongly, not simply its employees. *Rodriguez v. Avita,* 871 F.2d 552, 554 (5th Cir. 1989) cert. denied, 493 U.S. 854 (1989). Proof that a plaintiff may have suffered injury caused by a municipal employee will not allow the inference that the municipality is to blame, even if the plaintiff shows "heightened negligence" of the actor. *Bd. of Comm'rs of Bryan Cnty, OK v. Brown*, 520 U.S. 397, 407 (1997). The stringent proof requirements of culpability and causation must be upheld, for without it, "municipal liability collapses into *respondeat superior*." *Id.* "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur, isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 579; *Prairie v. City of Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992), *cert. denied*, 506 U.S. 973 (1992).

29.     In the unlikely event that the fact-finder determines that the individual police officer defendants are tortfeasors in the incident at issue, the City cannot be held liable solely for the officers' alleged negligence. In this case, Plaintiff has not adduced any evidence of municipal acts that were officially sanctioned or ordered by the City as being the direct cause of the alleged injuries. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). In other words, Plaintiff has failed to carry her burden and the City's motion for summary judgment should be granted as a matter of law.

30.     **Failure to Train or Discipline**. As stated above, the City can only be found liable under a *Monell* claim for failure to train or discipline if the City <u>itself</u> causes the alleged constitutional violation. *Harris*, 489 U.S. at 385  Plaintiff, therefore, must establish that inadequate training or discipline procedures were deliberately adopted by the City's policymaker and such directly caused plaintiff's injuries. *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996); *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010). A plaintiff must allege with specificity how the training or discipline policy or procedure is defective or inadequate. *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). Further, there must be at least an affirmative link between the training or discipline inadequacies alleged, and the particular constitutional violation at issue. *Tuttle*, 471 U.S. 808, 824 (1985).

31.     In this case, Plaintiff has generally alleged that the City has "a custom, policy, practice and procedure of using excessive force on individuals and not disciplining or training officers adequately" [Doc. #20, ¶23]. First, Corral was disciplined in this case [Ex. A]. Second, Plaintiff has failed to allege with specificity how the training and/or discipline of Corral on excessive use of force or any of his training was defective or inadequate. Rather, Plaintiff's failure to train claim may be fairly read to attempt to impose liability upon the City under a *respondeat superior* theory, based upon the actions taken by City employees in the incident in question. Plaintiff fails to state

a cognizable claim against the City in this first failure to train claim and the City is entitled to summary judgment as a matter of law. *See Monell*, 436 U.S. at 694.

32.     The Supreme Court explained, in *City of Canton v. Harris*,

> "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the City, for the officer's shortcoming may have resulted from factors other than a faulty training program.  [Citations omitted]…Neither will it suffice to prove that an injury or accident could have been avoided if an officer had better or more training, sufficient to equip him to avoid the particular injury-causing conduct.  Such a claim could be made about almost any encounter resulting in an injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal.  And plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the City liable…Moreover, for liability to attach in this circumstance the identified deficiency in a City's training program must be closely related to the ultimate injury."

*Harris*, 489 U.S. at 390-391.  There is no proof that a deficiency in training caused Corral to use unlawful force against Plaintiff in this case.

33.     Moreover, Plaintiff's failure to train claim fails because the Fifth Circuit has held "that if the training of police officers meets state standards, there can be no cause of action for failure to train absent a showing that 'this legal minimum of training was inadequate to enable [the officers] to deal with the usual and recurring situations' they would likely face."  *O'Neal v. City of San Antonio*, 344 Fed. App'x 885, 888 (5th Cir. 2009) (citing *Benavides v. City of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992)).  The evidence in this case clearly established that Corral received and exceeded the mandatory state standards in training [Exs. D, I].  Therefore, Plaintiff has failed to carry his burden and the City is entitled to summary judgment as a matter of law.

34.     **Ratification**.  Ratification chargeable to a municipality requires that "authorized policymakers approve a subordinate's decision and the basis for it."  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).  This means that the policymaker must have <u>actual knowledge</u> of the improper basis for the subordinate's action and yet approve the action anyway.  *See Beattie v. Madison Cnty. Sch. Dist.,* 254 F.3d 595, 604 (5th Cir. 2001) (emphasis added).  Further, the Fifth

Circuit has not relaxed the causation requirement of *Monell* in the ratification context and continues to require an official policy to be the moving force for the constitutional violation. *See Milam v. City of San Antonio*, 113 Fed. App'x 622, 628 (5th Cir. 2004).

35.    Ratification is "limited to 'extreme factual situations.'" *Davidson v. City of Stafford, Texas,* 848 F.3d 384, 395 (5th Cir. 2017) (quoting *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009). "Good faith statements made in defending complaints against municipal employees do not demonstrate ratification." *Zarnow*, 614 F.3d at 169. Where a police chief has accepted his subordinate's version of events, courts have found no ratification liability unless the subordinate's actions were "manifestly indefensible" under that version. *Coon v. Ledbetter*, 780 F.2d 1158, 1162 (5th Cir. 1986).

36.    Plaintiff has adduced no evidence to support his ratification theory. There is no evidence that any official policy, procedure or custom was the moving force of the violation of Plaintiff's constitutional rights. Rather, the evidence established that Corral's conduct was investigated by HPD-Homicide and the case was presented to a Harris County Grand Jury; in both, the evidence did not support a finding of criminal misconduct by Corral [Ex. E]. Corral's conduct was also administratively investigated by HPD-IAD, and the evidence supported a finding of a violation of HPD policy, resulting in appropriate discipline [Exs. A and B]. Plaintiff simply stands on boilerplate language for this claim. Thus, Plaintiff has failed to carry his burden and the City is entitled to summary judgment as a matter of law.

37.    **Vicarious Liability**. As stated above, a municipality **cannot** be liable for civil rights violations under a theory of *respondeat superior* or vicarious liability. *Monell*, 436 U.S. at 694; *Evans v. City of Houston*, 246 F.3d at 344, 358 (5th Cir. 2001). To be subject to any liability, the City, itself must have acted wrongly, not simply its employees. *Rodriguez,* 871 F.2d at 554 (5th Cir. 1989) cert. denied, 493 U.S. 854 (1989). Proof that a plaintiff may have suffered injury caused

by a municipal employee will not allow the inference that the municipality is to blame, even if the plaintiff shows "heightened negligence" of the actor. *Brown*, 520 U.S. at 407. The stringent proof requirements of culpability and causation must be upheld, for without it, "municipal liability collapses into *respondeat superior.*" *Id.* "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 578.

38.     The City cannot be held liable solely for his alleged negligence. There is no evidence of municipal acts that were officially sanctioned or ordered by the City as being the direct cause of Plaintiff's alleged injuries. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). Thus, Plaintiff has failed to carry his burden and the City's motion for summary judgment should be granted as a matter of law.

**D.      Plaintiff's Texas State Law Claims Against the City**

39.     Municipalities generally are covered by sovereign immunity from tort liability, under Texas state law, unless expressly waived by the legislature. *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002). The limited waiver of governmental immunity provided by the Texas Tort Claims Act ("TTCA") is for claims arising from the use of publicly owned vehicles, premises defects and injuries arising from conditions or use of property. *Alcala v. Texas Webb County*, 620 F.Supp.2d 795, 801 (S.D. Tex. 2009) (citing *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004)). The TTCA does not waive immunity for intentional torts. *See* Tex. Civ. Prac. & Rem. Code §101.057(2). Assault and battery are intentional torts. *ONI, Inc. v. Swift*, 990 S.W.2d 500, 503 (Tex. App. – Austin 1999, no pet.). Therefore, Plaintiff's state law claim of assault and battery is barred and the City is entitled to summary judgment as a matter of law.

40.  **Exemplary Damages Cannot be Assessed against the City**. Plaintiff is not entitled to exemplary or punitive damages from the City.  Any punitive damages claim for state law causes of action are barred as a matter of law due to immunity.  *See* Tex. Civ. Prac. & Rem. Code §101.024.  Therefore, the City is entitled to summary judgment on this claim as a matter of law.

**E.  Conclusion**

41.  For the reasons stated herein, there is no genuine issue of material fact as to any of Plaintiff's allegations against the City, and the City is entitled to summary judgment as a matter of law.  Accordingly, summary judgment should be granted on behalf of the City.

WHEREFORE PREMISES CONSIDERED, Defendant CITY OF HOUSTON prays that this Court grant its Motion for Summary Judgment as to all of Plaintiff's claims against the City, for a final judgment of dismissal and for all other relief to which this defendant is justly entitled.

Respectfully submitted,

RONALD C. LEWIS
City Attorney

DONALD J. FLEMING
Section Chief
Labor, Employment, and Civil Rights

Date: January 7, 2019.　　By:　*/s/ Deidra Norris Sullivan*　　　　　　
　　　　　　　　　　　　　　　　　DEIDRA NORRIS SULLIVAN
　　　　　　　　　　　　　　　　　Senior Assistant City Attorney
　　　　　　　　　　　　　　　　　ATTORNEY IN CHARGE
　　　　　　　　　　　　　　　　　SBN: 24080648
　　　　　　　　　　　　　　　　　FBN: 1338580
　　　　　　　　　　　　　　　　　Tel. (832) 393-6299 (direct)
　　　　　　　　　　　　　　　　　Deidra.Sullivan@houstontx.gov

　　　　　　　　　　　　　　　　　JAMES C. BUTT
　　　　　　　　　　　　　　　　　Senior Assistant City Attorney
　　　　　　　　　　　　　　　　　SBN:  24040354
　　　　　　　　　　　　　　　　　FBN:  725423
　　　　　　　　　　　　　　　　　Telephone: 832. 393.6320 (direct)
　　　　　　　　　　　　　　　　　Jim.butt@houstontx.gov

Date: January 7, 2019.    By:    */s/ Jennifer F. Callan*

JENNIFER F. CALLAN
Senior Assistant City Attorney
SBN: 00793715
FBN: 22721
Phone: (832) 393-6286 (direct)
Jennifer.Callan@houstontx.gov

MARJORIE L. COHEN
Senior Assistant Attorney
SBN: 24031960
FBN: 34303
Tel. (832) 393-6457
Marjorie.Cohen@houstontx.gov

CITY OF HOUSTON LEGAL DEPARTMENT
P.O. BOX 368
Houston, Texas 77001-0368
Tel: (832) 393-6491
Fax: (832) 393-6259

ATTORNEYS FOR DEFENDANT
CITY OF HOUSTON

## **CERTIFICATE OF SERVICE**

I certify that, pursuant to the Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a notice of electronic filing on the following:

Randall L. Kallinen
Kallinen Law PLLC
511 Broadway Street
Houston, Texas 77012

*/s/ Jennifer F. Callan*
Jennifer F. Callan