**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **REUBEN WILLIAMS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:16-cv-3342** |
| | § | |
| **CITY OF HOUSTON and** | § | |
| **OFFICER S. CORRAL,** *Individually* | § | |
| *Defendants.* | § | |

<u>**OFFICER SALVADOR CORRAL'S MOTION FOR SUMMARY JUDGMENT**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Salvador Corral ("Officer Corral") files this its Motion for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure. In support of said motion, Officer Corral would respectfully show unto this Court as follows:

# TABLE OF CONTENTS

I.      STATEMENT OF THE NATURE AND STAGE OF PROCEEDING ........................1

II.     STATEMENT OF ISSUES AND STATEMENT OF FACTS ........................................1

     A.     Statement of Issues to be Ruled Upon by the Court ........................1

     B.     Statement of Facts ........................2

III.    SUMMARY JUDGMENT EVIDENCE ........................3

IV.    SUMMARY OF ARGUMENT ........................4

V.     ARGUMENT AND AUTHORITIES ........................4

     A.     Standard of Review for Summary Judgment ........................4

     B.     Immunity at Summary Judgment Stage ........................6

     C.     Plaintiff's § 1983 Claim of Unlawful Seizure Fails Because Officer Corral is Entitled to Qualified Immunity ........................7

     D.     Plaintiff's § 1983 Claim of Excessive Force Fails Because Officer Corral is Entitled to Qualified Immunity ........................8

     E.     Plaintiff's Assault and Battery Claim Fails Because Officer Corral is Entitled to Official Immunity ........................12

          a.     Corral was performing a discretionary function ........................12

          b.     Officer Corral acted in good faith ........................13

     F.     Conclusion ........................14

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Creighton*, 483 U.S. 635 (1987) ..................................................................6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...............................................4, 5

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) ......................................................................6

*Aucoin v. Haney*, 306 F.3d 268 (5th Cir. 2002) ............................................................7

*Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481 (5th Cir. 2001) ..........................6

*Bell v. Wolfish*, 441 U.S. 520 (1979) ...........................................................................10

*Brown v. Lyford*, 243 F.3d 185 (5th Cir. 2001) ..............................................................7

*Cantu v. Rocha*, 77 F.3d 795 (5th Cir. 1996) ...............................................................11

*Carpenter v. Barner*, 797 S.W.2d 99 (Tex. App.— Waco 1990, writ denied) ..............12

*Celotex Corp. v. Catreet*, 477 U.S. 317 (1986) ..........................................................4, 5

*City of Coppell v. Waltman*, 997 S.W.2d 633 (Tex. App—-Dallas 1998, no pet) .........11

*City of Dallas v. Aguirre*, 977 S.W.2d 862 (Tex. App.—Dallas 1998, no pet.) ............11

*City of Lancaster v. Chambers*, 883 S.W.2d 650 (Tex. 1994) .................... 11, 12, 13, 14

*Clark v. American's Favorite Chicken*, 110 F.3d 295 (5th Cir. 1997) .......................5, 11

*Cook v. Lombardi*, 2016 U.S. Dist. LEXIS 67185 at *20 (E.D. Mo. May 23, 2016) .....9

*Davis v. Scherer*, 468 U.S. 183 (1984) ..........................................................................6

*Dent v. City of Dallas*, 729 S.W.2d 114 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) ...12

*Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992) .............................................7

*Freeman v. Texas Dep't of Crim. Justice*, 369 F.3d 854 (5th Cir. 2004) ........................5

*Gasner v. City of Garland*, 864 F.2d 394 (5th Cir. 1989) ...............................................6

*Glenn v. City of Tyler*, 242 F.3d 307 (5th Cir. 2001) ...................................................10

*Goodson v. City of Corpus Christi*, 202 F.3d 730 (5th Cir. 2000) ...................................6

*Graham v. Connor*, 490 U.S. 386 (1989) ............................................................................. 10, 11

*Gross v. Innes*, 930 S.W.2d 237 (Tex. App.-Dallas 1996, writ dism'd w.o.j.) ............................. 11

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ................................................................................ 6

*Hunter v. Bryant*, 502 U.S. 224 (1991) ..................................................................................... 7

*Jackson v. Hobbs*, 2015 U.S. Dist. LEXIS 139862 (E.D. Ark. Sept. 17, 2015) ............................ 9

*Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015) ...................................................................... 10

*Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453 (5th Cir. 2005) ................................................ 3

*Lewis v. Wetzel*, 2017 U.S. Dist. LEXIS 119749 at *30 (M.D. Penn. July 31, 2017) .................... 9

*Little v. Liquid Air Corp.*, 37 F. 3d 1069 (5th Cir. 1994) ......................................................... 4, 5

*Malley v. Briggs*, 475 U.S. 335 (1986) ............................................................................... 6, 7, 13

*Matsushita Elex. Insud. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986) .................................... 5

*McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002) ............................................... 6, 10

*Michigan v. DeFillippo,* 443 U.S. 31 (1979) ................................................................................ 7

*Morgan v. Swanson*, 659 F.3d 359 (5th Cir. 2011) ....................................................................... 7

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996) ............................................................................... 7

*Pearson v. Callahan*, 555 U.S. 223 (2009) ................................................................................. 7

*Piazza v Mayne*, 217 F.3d 239 (5th Cir. 2000) ........................................................................... 8

*Pierce v. Smith*, 117 F.3d 866 (5th Cir.1997) .............................................................................. 7

*Ramirez v. Knowlton*, 524 F.3d 124 (5th Cir. 2008) ..................................................................... 8

*Royal v. Spragins*, 575 F. App'x. 300 (5th Cir. 2014) ................................................................. 9

*Sanders-Burns v. City of Plano*, 594 F.3d 366 (5th Cir. 2010) ..................................................... 6

*Saucier v. Katz*, 533 U.S. 194 (2001) ......................................................................................... 6

*Scott v. Harris*, 550 U.S. 372 (2007) .......................................................................................... 5

*State v. Hawley*, 284 Conn. 914 (Conn. App. Ct. 2007) ............................................................... 9

*Swint v. City* of Wadley 5 F.3d 1435 (11th Cir. 1993) ...................................................13

*Texas Dept. of Public Safety v. Rodriguez*, 344 S.W.3d 483 (Tex.App.—Houston [1st Dist.] 2011, no pet.) ..........................................................................................................11

*Topalian v. Ehrman*, 954 F.2d 1125 (5th Cir. 1992) ......................................................5

*United States v. Garcia,* 179 F.3d 265 (5th Cir. 1999) ..................................................8

*United States v. Watson,* 273 F.3d 599 (5th Cir. 2001) .................................................8

*Univ. of Houston v. Clark*, 38 S.W.3d 578 (Tex. 2000) ..........................................11, 12

*Vincent v. City of Sulphur*, 805 F.3d 543 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1517 (2016)..6, 7

*Washington v. Allstate Ins. Co.*, 901 F.2d 1281 (5th Cir. 1990) .....................................5

*Wyse v. Department of Public Safety*, 733 S.W.2d 224 (Tex. App.—Waco 1986, writ ref'd n.r.e.) ...................................................................................................................12

# STATUTES

**Statutes**

42 U.S.C. §1983 ........................................................................................................passim

Federal Rules of Civil Procedure, Rule 56 ...................................................................................4

Federal Rules of Civil Procedure, Rule 56(c) .............................................................................5

Federal Rules of Civil Procedure, Rule 56(e) .............................................................................5

Federal Rules of Evidence, 201 ...................................................................................................3

Texas Penal Code 22.11(a) (3) ....................................................................................................8

# I.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

1.      This case involves claims of violations of civil and constitutional rights stemming from injuries Plaintiff sustained while in custody at the City of Houston jail on or about November 8, 2014 [Doc. #20].   Specifically, Plaintiff has alleged that his civil rights under the Fourth and Fourteenth Amendments to the U.S. Constitution as well as 42 U.S.C. §1983 were violated by the named defendants when Officer Salvador Corral ("Officer Corral" or "Corral") used excessive force against him while he was detained in the City jail. [*Id.*]   The City and Officer Corral timely answered, denied all allegations and stated that they were cloaked by immunity (sovereign and qualified immunities) [Doc. #23].

2.      Plaintiff sought leave to file a second amended complaint and such has not been ruled upon by the Court as of the date of the filing of this motion [Doc. #25].   Regardless, the requested amendment is futile and has no substantive value that would change the outcome in this case.

3.      The deadline to file all motions is January 7, 2019.   Docket call is set for February 22, 2019. *See* Doc. #49.

# II.     STATEMENT OF ISSUES AND STATEMENT OF FACTS

## A.      Statement of Issues to be Ruled Upon by the Court

(1)     Whether Officer Corral, in his individual capacity, is entitled to qualified immunity regarding Plaintiff's claim of unlawful arrest under the Fourth Amendment to the U.S. Constitution?

(2)     Whether Officer Corral, in his individual capacity, is entitled to qualified immunity regarding Plaintiff's claim of excessive use of force under the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution?

(3)     Whether Officer Corral is entitled to official immunity regarding Plaintiff's claim of assault and battery?

**B.      Statement of Facts**

4.      On or about December 8, 2014, Plaintiff was arrested by Officer Swift for suspicion of driving while intoxicated ("DWI") in the City of Houston, Harris County, Texas [Exs. A, B, E and G].  After refusing to perform field sobriety tests, Officer Swift transported Plaintiff to Central Intox at the City jail for processing [Exs. E and G].  Plaintiff spit inside the patrol unit, urinated inside the patrol unit and was combative on the ride to the jail [Exs. E and G].

5.      Upon arriving at the jail, Officer Swift contacted the District Attorney's office about the arrest and a DWI charge was accepted on Plaintiff [Exs. E and G].  Officer Swift then obtained a search warrant to draw blood from Plaintiff [Exs. E and G].  Based on his combative demeanor, Officer Swift requested assistance from Officer Corral ("Corral") to escort Plaintiff from the holding tank to the blood draw room inside the jail [Exs. E, F and G].  Plaintiff refused to cooperate with the blood draw and several officers had to restrain him [Exs. A, B, E, F and G, J and K].

6.      Plaintiff was escorted back to the holding tank by Corral, with several officers behind them, after a blood sample was obtained via the search warrant [Ex. E].  On the walk back to the holding tank, Plaintiff was verbally abusive towards Corral [Ex. B, E, F and H].  Corral did not react to Plaintiff's verbal abuse.  Without warning, Plaintiff spit on Corral, hitting Corral's face, neck and left shoulder [Exs. A, B, E, F and H, J and K].  Corral reacted by pushing the Plaintiff away from him to prevent him from spitting a second time [Exs. E, H, J, and K].  As a result of the push, Plaintiff's face came in contact with metal door frame on the holding tank.  Plaintiff sustained an injury to his head.

7.      Corral called for EMS and notified his supervisor of the incident.  Plaintiff was transported to the hospital.  While at the hospital, Plaintiff was combative, uncooperative, spit on or at medical staff as well as another police officer and threatened them with harm by declaring he was HIV positive [Ex. E].  A charge of harassment on a public servant-spitting was filed against Plaintiff for

spitting on Corral and he was indicted by a grand jury for such.[1]  This felony charge was dismissed by the District Attorney on the grounds that Plaintiff was convicted in another case (cause #1502700).

8.    A criminal investigation was conducted into Corral's conduct that is at issue in this lawsuit. The criminal case was presented to a Harris County Grand Jury, which returned a "no bill" verdict and declined to indict Corral for official oppression or any other criminal conduct.

### III.    SUMMARY JUDGMENT EVIDENCE

9.    Officer Corral attaches and concurrently files the following summary judgment evidence, which are incorporated in their entirety by reference for all purposes as if set forth verbatim:

Exhibit A:    HPD-IAD Investigation Summary for Issue #47127-2014
[Bates #COH_R.WILL_000026-000031]

Exhibit B:    HPD-IAD Investigative Report for Issue #47127-2014
[Bates #COH_R.WILL_000038-000100]

Exhibit C:    Counseling Memo for Officer Corral relating to HPD-IAD
Issue #47127-2014 [Bates #COH_R.WILL_000005-000006

Exhibit D:    Defendant Salvador Corral's Certification Record
[Bates #COH_R.WILL_001213-001216]

Exhibit E:    HPD Offense Report #1559820-14
[Bates #COH_R.WILL_000861-000909]

Exhibit F:    Defendant Corral's sworn statement to HPD-Homicide Division in
HPD-Offense Report #1559820-14
[Bates #COH_R.WILL_000925-000927]

Exhibit G:    Officer Swift's sworn statement to HPD-Homicide Division in
HPD-Offense Report #1559820-14
[Bates #COH_R.WILL_000922-000924]

---

[1] Plaintiff was indicted under cause #1450788.  Officer Corral request that the Court take judicial notice under Fed. R. Evid. 201 of the filings from the Harris County District Clerk's website relating to the felony criminal proceedings against Plaintiff under the case numbers referenced above.  Rule 201 states as follows: "The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned…The court must take judicial notice if a party requests it and the court is supplied with the necessary information." The Fifth Circuit has held that judicial notice under Rule 201 is appropriate for information posted on a government website.  *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).

| Exhibit H: | Officer Little sworn statement to HPD-Homicide Division in HPD-Offense Report #1559820-14 [Bates #COH_R.WILL_000931-000932] |
|---|---|
| Exhibit I: | Expert report of John G. Peters |
| Exhibit J: | Video of events at issue – produced on CD to the Court [Bates #COH_R.WILL_001051] |
| Exhibit K: | Affidavit of Salvador Corral |

## IV.    SUMMARY OF ARGUMENT

10.    Officer Corral is entitled to summary judgment as a matter of law regarding Plaintiff's claims of civil rights violations under the U.S. Constitution and 42 U.S.C. §1983 as well as state law pendant jurisdiction because there has been adequate time for discovery, and Officer Corral is shielded by qualified and official immunity.  Therefore, Plaintiff's claims fail as a matter of law and must be dismissed.

## V.    ARGUMENT AND AUTHORITIES

### A.    Standard of Review for Summary Judgment

11.    Summary judgment is proper under Rule 56, Federal Rules of Civil Procedure, if the movant establishes that there is no genuine issue of material fact and the law entitles the movant to a judgment as a matter of law.  *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catreet*, 477 U.S. 317, 322 (1986).  Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The party moving for summary judgment "must demonstrate the absence of a genuine issue of material fact but need not negate the elements of the non-movant's case." *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1994).

12.     If the movant meets this initial burden, the burden shifts to the non-movant to go beyond the pleadings and produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Id.; see also Celotex,* 477 U.S. at 322-324; Rule 56(e). The non-movant "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Freeman v. Texas Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004). Likewise, unsupported allegations, affidavits or deposition testimony asserting ultimate or conclusory facts and conclusions of law are also not sufficient to defeat a motion for summary judgment. *Clark v. American's Favorite Chicken*, 110 F.3d 295, 297 (5th Cir. 1997). Where the non-movant fails to set forth specific facts, by affidavit or otherwise, to show that there is a genuine issue for trial, summary judgment is appropriate. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir. 1992).

13.     In short, the Supreme Court has clarified the standard or review in context of summary judgment in *Scott v. Harris*[1] to be as follows:

> "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts…Where the record taken as a whole could not lead a rational trier of fact for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elex. Insud. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-587 (1986) (footnote omitted). 'The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be <u>no genuine issue of material fact</u>.'" *Anderson*, 477 U.S. at 247-248 (emphasis added).

14.     Factual controversies are to be resolved in favor of the non-movant, "but only when…both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. However, there is no genuine issue for trial when the record, taken as a whole, indicates that no reasonable jury could return a verdict for the non-movant. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990).

---

[1] *Scott v. Harris*, 550 U.S. 372, 380 (2007)

**B.     Immunity at Summary Judgment Stage**

15.     **Qualified Immunity.**  Public officials sued in their individual capacities are entitled to qualified immunity.  *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 378 (5th Cir. 2010) (qualified immunity is a "defense against an individual capacity lawsuit"); *Gasner v. City of Garland*, 864 F.2d 394 (5th Cir. 1989) (police officers are entitled to assert qualified immunity defense).  Qualified immunity shields the public officials who are acting within the scope of their discretionary authority and in the course of their official responsibilities from civil liability under 42 U.S.C. §1983 so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable officer would have known.  *See Anderson v. Creighton*, 483 U.S. 635 (1987); *Davis v. Scherer*, 468 U.S. 183 (1984) (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

16.     Although qualified immunity is an affirmative defense, once this defense is asserted, the burden of negating the defense shifts to the plaintiff.  *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001).  To negate the qualified immunity defense, plaintiff must establish that (1) a public officer's conduct violated a constitutional right and (2) that said conduct was objectively unreasonable in light of clearly established law at the time of the alleged violation.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1517 (2016) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002); *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000).  "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'"  *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *see also Ashcroft v. al-Kidd*, 563 U.S. 731 (2011).

17.     Thus, the inquiry into whether the public officer is entitled to qualified immunity turns on the objective reasonableness of his actions in light of the legal rules clearly established at the time.

*Pearson v. Callahan*, 555 U.S. 223, 243 (2009). The "court must 'ask whether the law so clearly and unambiguously prohibited [the police officer's] conduct that <u>every</u> reasonable [police officer] would understand that what he is doing violates [the law].'" *Vincent*, 805 F.3d at 547. (emphasis added). "If reasonable public officials could differ on the lawfulness of the [officer's] actions, the [officer] is entitled to qualified immunity." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). In short, Corral would be entitled to qualified immunity if their conduct was objectively reasonable "even if his conduct violated a plaintiff's constitutional rights." *See Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992). *See, e.g.*, *Morin v. Caire*, 77 F.3d 116, 119–20 (5th Cir. 1996); *see also Pierce v. Smith*, 117 F.3d 866, 871–72 (5th Cir.1997) ("'We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiff.'"). To overcome defendant's qualified immunity, plaintiff must make three showings: (1) defendants violated a constitutional right; (2) the alleged right was clearly established when violated; and (3) defendants acted unreasonably in light of the clearly established right. *See, e.g.*, *Aucoin v. Haney*, 306 F.3d 268, 272 (5th Cir. 2002). Courts have discretion in deciding which prong to first address. *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011).

## C. Plaintiff's § 1983 Claim of Unlawful Seizure Fails Because Officer Corral is Entitled to Qualified Immunity.

18. The probable cause standard applies to Plaintiff's unlawful *arrest* claims. The constitutional torts of false arrest and unreasonable seizure require a showing of no probable cause. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001). Probable cause exists if, at the time of the arrest, facts and circumstances within the officer's knowledge, and of which he had reasonably trustworthy information, were sufficient to warrant a prudent person, or one of reasonable caution, to believe, in the circumstances shown, that one has committed, is committing, or is about to commit an offense. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Michigan v. DeFillippo,* 443 U.S. 31, 37 (1979) (citations omitted). When determining whether a reasonable person would have believed that an offense occurred, Courts consider

the expertise and experience of law enforcement officials. *See United States v. Garcia,* 179 F.3d 265,

268 (5th Cir. 1999) (citation omitted). ―Probable cause does not demand any showing that [the belief

that an offense was committed] be correct or more likely true than false. *Piazza v Mayne*, 217 F.3d 239,

246 (5th Cir. 2000). In determining whether probable cause exists, this Court is required only to find a

basis for an officer to believe to a ―fair probability that an offense occurred. *Id.* (citations omitted). A

―fair probability does not mean that a reasonable person would have believed it more likely than not,

which is a preponderance of the evidence standard, that an offense occurred. *Garcia,* 179 F.3d at 269;

a ―fair probability simply means ―something more than a bare suspicion, but need not reach the fifty

percent mark. *Garcia,* 179 F.3d at 269; *see also United States v. Watson,* 273 F.3d 599, 602 (5th Cir.

2001). (holding that ―fair probability requires more than a bare suspicion but less than a preponderance

of evidence). There is no evidence that Officer Corral brought charges against Plaintiff. There is further

no dispute that Plaintiff was indicted for spitting upon Corral. Officer Corral contends that the video

evidence supports this offense. The Texas Penal Code provides that it is a felony offense:

> "to causes another person the actor knows to be a public servant to contact the blood,
> seminal fluid, vaginal fluid, saliva, urine, or feces of the actor, any other person, or an
> animal while the public servant is lawfully discharging an official duty or in retaliation or
> on account of an exercise of the public servant's official power or performance of an official
> duty."

Texas Penal Code 22.11(a) (3).

**D.     Plaintiff's § 1983 Claim of Excessive Force Fails Because Officer Corral is Entitled to
Qualified Immunity.**

19.     **Fourth Amendment Claim of Excessive Force.**  In order to state a claim for excessive

force in violation of the Fourth Amendment to the Constitution, a Plaintiff must allege (1) an injury,

which (2) resulted directly and only from the use of force that was clearly excessive to the need;

and the excessiveness of which was (3) objectively unreasonable. *Ramirez v. Knowlton*, 524 F.3d

124, 128 (5th Cir. 2008). Reasonableness is an objective standard viewed from "the perspective of

a reasonable officer on the scene". ." *See Royal v. Spragins*, 575 F. App'x. 300, 302-303 (5th Cir. 2014).

20.    Here, Officer Corral used physical force to restrain Plaintiff after Plaintiff spit in Corral's face.  This exact scenario has been analyzed by other courts and found to be a reasonable application of force in summary judgment settings.  *See Lewis v. Wetzel*, 2017 U.S. Dist. LEXIS 119749 at *30 (M.D. Penn. July 31, 2017) (granting summary judgment and finding placing a plaintiff on the floor proportionate to the need to thwart that particular plaintiff from potentially spiting on an Officer). *See* also *Cook v. Lombardi*, 2016 U.S. Dist. LEXIS 67185 at *20 (E.D. Mo. May 23, 2016) (granting summary judgment to officer who after being spit upon takes handcuffed plaintiff to the ground in response to the spitting attack); *Jackson v. Hobbs*, 2015 U.S. Dist. LEXIS 139862 (E.D. Ark. Sept. 17, 2015) (Magistrate's recommendation later adopted by District Court in 2015 U.S. Dist. LEXIS 139858 (Oct. 14, 2015) that summary judgment be granted based upon qualified immunity on claim of prisoner who threatened to spit on guard and was taken to the floor).

21.    Universally viewed from a health perspective, spitting is an abusive, disrespectful, and unsanitary act highly likely to spread contagious, sometimes deadly diseases and acknowledged as calculated to incite others to act in retaliation. *State v. Hawley*, 284 Conn. 914, 931 (Conn. App. Ct. 2007). The evidence in the record shows Plaintiff spitting on Officer Corral.  Corral's use of force was neither malicious nor sadistic, and in light of Plaintiff's assaultive conduct, reasonable in all respects.

22.    **Fourteenth Amendment Claim of Excessive Force.**   Alternatively, to the extent that Plaintiff pleads an excessive force claim under the Fourteenth Amendments to the U.S. Constitution against Officer Corral also fails.  A pretrial detainee plaintiff who brings a substantive due process claim based on excessive force must prove: (1) express intent to punish; (2) the officer's actions were not rationally related to a legitimate government purpose; or (3) the officer's actions were

excessive in relation to that purpose. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). To state a viable substantive due process claim, a plaintiff must demonstrate that the state official "acted with culpability beyond mere negligence." *McClendon v. City of Columbia*, 305 F.3d 314, 325 (5th Cir. 2002). With regards to substantive due process-excessive force claims, a pretrial detainee must show that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473.

23.     Officer Corral's actions were not malicious or punitive and were rationally related to a legitimate government purpose and were not excessive in relation to that purpose. Furthermore, there is no evidence that the amount of force used by Corral was objectively unreasonable based on the totality of circumstances [Exs. A, B and E]. To show that Corral's alleged actions were objectively unreasonable, Plaintiff would have to establish facts showing that the actions were motivated by malice. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). Not only does Plaintiff lack such proof, the undisputed evidence negates it [Exs. A, B and E].

24.     Indeed, Officer Corral's actions were objectively reasonable under both Fourth and Fourteenth Amendment analysis. "Objective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (citing *Graham v. Connor*, 490 U.S. 386 (1989). Objective reasonableness is determined from the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* "Officers facing disturbances 'are often forced to make split-second judgments – in circumstances that are tense, uncertain and rapidly evolving." *Graham*, 490 U.S. at 397. "A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in the judgment' of jail officials 'are needed to preserve the internal order and discipline and to maintain institutional security." *Kingsley*, 135 S.C. at 2473 (quoting *Bell v. Wolfish*, 441 U.S. 520, 5440 (1979)).

"Officers facing disturbances 'are often forced to make split-second judgments – in circumstances that are tense, uncertain and rapidly evolving." *Graham*, 490 U.S. at 397. Indeed, Officer Corral only used physical force to restrain Plaintiff from spitting in his face. [Ex. N]

25.     **Official Immunity.** With regard to state law claims, **"**government employees sued in their individual capacity may claim the protections of official immunity." *Gross v. Innes*, 930 S.W.2d 237, 239 (Tex. App.-Dallas 1996, writ dism'd w.o.j.). "Official immunity shields a governmental employee from liability." *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994).

26.     "Government employees are entitled to official immunity from suit arising from (1) the performance of their discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority." *Cantu v. Rocha*, 77 F.3d 795, 808 (5th Cir. 1996) (quoting *Chambers*, 883 S.W.2d at 653); *see also Clark,* 38 S.W.3d at 580. "A discretionary act is one involving 'personal deliberation, decision and judgment.'" *Chambers*, 883 S.W.2d at 654. An objective reasonableness standard is applied to determine if the government employee acted in good faith. *See Id.* at 656; *City of Coppell v. Waltman*, 997 S.W.2d 633, 637-638 (Tex. App—-Dallas 1998, no pet). Good faith is therefore, not measured by the government employee's subjective intent. *Texas Dept. of Public Safety v. Rodriguez*, 344 S.W.3d 483, 489 (Tex.App.—Houston [1st Dist.] 2011, no pet.).

27.     A police officer, who is a government employee, acts in good faith if a reasonably prudent officer under the same or similar circumstances could have believed his conduct was appropriate at the time in question. *Chambers*, 883 S.W.2d at 656-657; *City of Dallas v. Aguirre*, 977 S.W.2d 862, 863 (Tex. App.—Dallas 1998, no pet.). "An officer can act negligently and still be held to have acted in good faith." *Waltman*, 997 S.W.2d at 637-638.

**E.** **Plaintiff's Assault and Battery Claim Fails Because Officer Corral is Entitled to Official Immunity.**

28**.**    Official immunity is an affirmative defense that protects government employees from personal liability. *University of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000). Under Texas law, government employees are entitled to the defense of official immunity from suit for conduct arising from the performance of (1) discretionary duties; (2) performed in good faith, as long as the actions were (3) within the scope of the employee's authority. *Chambers*, 883 S.W.2d at 653; *Carpenter v. Barner*, 797 S.W.2d 99, 101-102 (Tex. App.— Waco 1990, writ denied); *Dent v. City of Dallas*, 729 S.W.2d 114, 117 (Tex. App.—Dallas 1986, writ ref'd n.r.e.), *Wyse v. Department of Public Safety*, 733 S.W.2d 224, 227 (Tex. App.—Waco 1986, writ ref'd n.r.e.).

29.    That Officer Corral was at all relevant times acting as a police officer and, therefore, governmental official, is not disputed. Plaintiff also does not dispute that Officer Corral was acting within the scope of his authority as an officer.  Accordingly, the only issues that remain are whether Corral's actions involved a discretionary function and whether he acted in good faith, as that term is used in Texas official immunity jurisprudence, during his encounter with Plaintiff.

       **a.**    **Corral was performing a discretionary function**

30.    An action is discretionary if it involves personal deliberation, decision and judgment. *Chambers*, 883 S.W.2d at 654; *Wyse,* 733 S.W.2d at 227. In determining whether an officer is performing a discretionary function, the Court focuses on the function performed, and not on whether the officer has discretion to do an allegedly wrongful act while discharging that function. *Chambers*, 883 S.W.2d at 653.  At all relevant times to the incident made the basis of this lawsuit, Corral was performing a discretionary function.  Corral exercised discretion in the method and manner in which he reacted to Plaintiff's spitting attack.  *See Dent*, 729 S.W.2d at 116. Corral pushed Plaintiff's head away from Corral and subsequently held him against the wall with the

command "Do not spit on me again."  Thus, the first element of Officer Corral's official immunity defense has been established as a matter of law.

### b.      Officer Corral acted in good faith

31.    The second element of official immunity requires that an official's actions be taken in good faith.  The Texas Supreme Court clarified the good faith element of official immunity in *Chambers*, by adopting an objective measure of reasonableness patterned after federal jurisprudence. *Chambers*, 883 S.W.2d at 655-657. Although the Texas test was specifically articulated in a vehicle pursuit case, the extensive discussion in the *Chambers* opinion emphasizes Texas' adoption of an objective test in all official immunity cases. The court stated:

> This test is derived substantially from the test that has emerged under federal immunity law for claims of qualified immunity in §1983 cases:  Although the cases sometimes refer to the doctrine of qualified "good faith" immunity, the test is one of objective legal reasonableness, without regard to whether the government official involved acted with subjective good faith. We look to whether a reasonable official could have believed his or her conduct to be lawful and in light of clearly established law and the information possessed by the official at the time the conduct occurred.  Thus, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.' [omitting internal quotes] *Swint v. City* of Wadley 5 F.3d 1435, 1441-1444 (11th Cir. 1993).

*Chambers,* 883 S.W.2d at 656 (omitting other quotes).

The supreme court also quoted, with approval, language from a Supreme Court decision on the subject of immunity:

> If officers of reasonable competence could disagree on this issue, immunity
> should be recognized. *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

*Chambers*, 883 S.W.2d at 657.

32.    Officer Corral was acting in good faith at all times relevant to the incident made the basis of this lawsuit. Looking to federal qualified immunity jurisprudence, the ultimate question in determining Corral's good faith, as set out in *Chambers,* is whether a reasonably prudent police officer, under the same or similar circumstances, could have believed their conduct to be lawful

given the information known to the officers at the time. Thus, Plaintiff must show that no reasonable person under the circumstances could have taken the same actions that officer Corral took or could have thought that the facts justified their acts. If there could be disagreement on the issue, then official immunity prevails. *Chambers*, 883 S.W.2d at 657.

33.     In this case, even if reasonable minds could differ, Plaintiff cannot establish that no reasonable person could believe that Corral acted unlawfully. Therefore, he acted in good faith and is entitled to summary judgment as to the assault and battery claim.

**F.     Conclusion**

34.     Officer Corral has established that Plaintiff's allegations against him fail as a matter of law, and that he is entitled to judgment as a matter of law. Officer Corral has established his qualified and official immunity defenses. Plaintiff cannot and has not presented evidence to this Court to defendant these immunity defenses. Therefore, summary judgment should be granted in favor of Officer Corral as to all of Plaintiff's claims against him.

35.     WHEREFORE PREMISES CONSIDERED, Defendant Salvador Corral prays that this Court grant his Motion for Summary Judgment as to all of Plaintiff's claims, for a final judgment of dismissal and for all other relief to which this defendant is justly entitled.

<div style="margin-left:40%">

Respectfully submitted,

RONALD C. LEWIS
City Attorney

DONALD J. FLEMING
Section Chief, Labor, Employment, & Civil
Rights

</div>

Date: January 7, 2019.                              By:*/s/ James C. Butt*_____
                                                    JAMES C. BUTT
                                                    Senior Assistant City Attorney
                                                    SBN: 24040354

FBN: 725423
Phone: (832) 393-6320 (direct)
Jim.Butt@houstontx.gov

DEIDRA NORRIS SULLIVAN
Senior Assistant City Attorney
ATTORNEY IN CHARGE
SBN: 24080648
FBN: 1338580
Tel. (832) 393-6299 (direct)
Deidra.Sullivan@houstontx.gov

JENNIFER F. CALLAN
Senior Assistant City Attorney
SBN: 00793715
FBN: 22721
Phone: (832) 393-6286 (direct)
Jennifer.Callan@houstontx.gov

MARJORIE L. COHEN
Senior Assistant Attorney
SBN: 24031960
FBN: 34303
Tel. (832) 393-6457
Marjorie.Cohen@houstontx.gov

City of Houston Legal Department
P.O. BOX 368
Houston, TX 77001-0368
Main: (832) 393-6491
Fax: (832) 393-6259

**ATTORNEYS FOR DEFENDANTS
CITY OF HOUSTON and SALVADOR
CORRAL**

## <u>CERTIFICATE OF SERVICE</u>

I certify that, pursuant to the Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a notice of electronic filing on the following:

      Randall L. Kallinen
      Kallinen Law PLLC
      511 Broadway Street
      Houston, Texas 77012


                          */s/ James C. Butt*_____
                          JAMES C BUTT